[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 28, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-12556
Non-Argument Calendar

_____

D. C. Docket No. 05-00517-CR-T-17-EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CLARENCE HENDRICKS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(December 28, 2006)**

Before TJOFLAT, HULL and WILSON, Circuit Judges.

PER CURIAM:

Clarence Hendricks appeals his concurrent 135-month sentences for

conspiracy to possess and possession with intent to distribute five or more kilograms of cocaine while aboard a vessel subject to United States jurisdiction in violation of 46 U.S.C. §§ 1903(a),(g), and (j), 21 U.S.C. § 960(b)(1)(B)(ii), and 18 U.S.C. § 2. Hendricks argues on appeal that the district court erred in refusing to grant a minor role reduction, because he was the least culpable among the participants.

## BACKGROUND

Hendricks pled guilty to the two count indictment, admitting that the government could prove that he was on board a go-fast boat which the Coast Guard intercepted on November 4, 2005. According to the undisputed facts of the presentence investigation report ("PSI"), the Coast Guard intercepted the boat at sea after the crew had attempted evasive maneuvers and had thrown cocaine bales, nautical charts, a GPS device and personal belongings overboard. After boarding the boat, the Coast Guard recovered 1,832 kilograms of cocaine. Four people were on the boat and one of them admitted to being the captain of the vessel. The captain reported that he had been paid twenty million Columbian pesos and that each of the crew, including Hendricks, were to be paid ten million Columbian pesos.

The PSI calculated an total offense level of thirty-three, based on the base

2

level offense, the safety valve provision, and a three-level reduction for acceptance of responsibility and timely notification of intent to plea guilty. With a criminal history category of I, the advisory guideline range was 135-168 months of imprisonment. Hendricks objected to the PSI, claiming that he was entitled to at least a two-level reduction as a minimal or minor participant in the offense. The district court overruled the objection, and sentenced Hendricks to concurrent sentences of 135 months.

## STANDARD OF REVIEW

We review the district court's determination of Hendricks' role in the offense for clear error. *United States v. Rodriguez De Varon*, 175 F.3d 930, 937 (11th Cir. 1999)(en banc).

## DISCUSSION

Hendricks argues that he is entitled to either a minimal or minor role reduction under U.S.S.G. § 3B1.2 , because as a crewman he was less culpable than other participants in the offense. As further support that he had a minor role, he asserts that (1) he had no interest in the cocaine; (2) he did not organize the transaction; (3) he did not have knowledge of the scope and nature of the offense; (4) he had no supervisory or decision-making authority; (5) he had no independent control over the drugs; and (6) he did not possess a firearm for security or authority

3

purposes.

Sentencing courts should consider two elements when determining a defendant's role in an offense: "first, the defendant's role in the relevant conduct for which [he] has been held accountable at sentencing, and, second, [his] role as compared to that of other participants in [his] relevant conduct." *Rodriguez De Varon*, 175 F.3d. at 940. A defendant bears the burden of proving his minor role by a preponderance of the evidence. *Id*. at 939. When making the minor-role determination in a drug case, the sentencing court may consider "the amount of drugs, fair market value of drugs, amount of money to be paid to the courier, equity interest in the drugs, role in planning the criminal scheme, and role in the distribution." *Id*. at 945.

Here the court did not clearly err in refusing to grant Hendricks' a minor role adjustment. First, Hendricks' sentence was based only on the relevant conduct for which he was held accountable at sentencing: the cocaine recovered from the boat on which he was traveling. The amount of drugs is a material consideration in determining Hendricks' role. *Id*. at 943. Furthermore, although Hendricks has shown that he played a lesser role than the captain, who received an enhancement for his conduct, this alone does not entitle him to a minor role reduction based on the second prong. "The fact that a defendant's role may be less than that of other

participants engaged in the relevant conduct may not be dispositive. . . since it is possible that none are minor or minimal participants." *Id.* at 944. Hendricks has failed to show he was less culpable than most other participants. *See* U.S.S.G. § 3B1.2, cmt. n.3. Therefore, there was no clear error in the district court's refusal to apply a minor role reduction in this case, and we affirm.

**AFFIRMED.**